IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:19-cv-00908-DDD

FRED NEKOUEE,

     Plaintiff,

v.

LONGMONT BUSINESS PARTNERS, L.L.L.P.,

     Defendant.

---

**ORDER GRANTING STIPULATED MOTION
FOR ENTRY OF CONSENT DECREE**

---

Before the Court is the parties' Stipulated Motion for Entry of Consent Decree [Doc. 21]. Having considered the motion and applicable law, and having reviewed the proposed consent decree, the Court approves the proposed decree and grants the parties' motion.

## BACKGROUND

Plaintiff Fred Nekouee brings claims for declaratory and injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), 48 U.S.C. §§ 12181-12189, alleging that a Best Western hotel owned by Defendant Longmont Business Partners, L.L.L.P. ("LBP") is not fully accessible to individuals who require the use of a wheelchair for mobility. [*See generally* Compl., Doc. 1.] Mr. Nekouee previously accepted LBP's offer of judgment pursuant to Federal Rule of Civil Procedure 68(a). [*See* Def.'s 2d Offer of J., Doc. 17-1 at 1-2; Notice of

- 1 -

Acceptance of Offer of J., Doc. 17.] The Court denied without prejudice the parties' first motion for approval of the accepted offer of judgment because the judgment presented lacked the specificity required for entry of injunctive relief under Federal Rule of Civil Procedure 65. [Order Denying Without Prejudice Mot. to Approve & Enter J., Doc. 20.] The parties have now filed a renewed motion for entry of a revised consent decree.

## APPLICABLE LAW

Before entering a consent decree, a district court "must ensure that the agreement is not illegal, a product of collusion, or against the public interest," and that "the decree is fair, adequate, and reasonable." *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991). A consent decree must serve to resolve a dispute within the court's subject-matter jurisdiction, must come within the general scope of the case made by the pleadings, and must further the objectives of the law upon which the complaint was based. *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986). And, a consent decree must comply with Federal Rule of Civil Procedure 65(d). *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir. 1996). Rule 65(d) requires that every order granting injunctive relief must "state the reasons why it issued," "state its terms specifically," and "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(A)-(C).

## DISCUSSION

In this case, both parties are represented by counsel, nothing in the record suggests unfairness in the parties' negotiations, and the terms of the accepted offer of judgment and proposed consent decree appear to be fair, reasonable, and consistent with the public interest and the objectives of the ADA. And, the proposed consent decree complies with Rule 65(d). Accordingly, the Court approves the proposed decree, which will be entered by separate order.

## CONCLUSION

For the foregoing reasons, it is ORDERED that the parties' Stipulated Motion for Entry of Consent Decree [Doc. 21] is GRANTED. The Court approves and adopts the Consent Decree and Order for Injunctive Relief [Doc. 21-1], which will be entered separately as an order of the Court.

DATED: August 15, 2019                BY THE COURT:

*/s/ Daniel D. Domenico*
Hon. Daniel D. Domenico